IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| TEAM CAR CARE WEST, LLC, a foreign limited liability company d/b/a JIFFY LUBE SERVICE CENTER #2232; AND OIL EXPRESS LLC, a Washington limited liability company,<br><br>Appellants,<br><br>v.<br><br>PRESTON ANDERSON,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 79386-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br>FILED: November 25, 2019 |

HAZELRIGG-HERNANDEZ, J. — Preston Anderson filed a lawsuit against Team Car Care West, LLC d/b/a Jiffy Lube and Oil Express LLC (collectively Jiffy Lube), asserting claims for negligence, breach of contract/warranty, and violation of Washington's Consumer Protection Act (CPA). After Jiffy Lube failed to appear, the trial court entered default judgment against it, including treble damages and attorney fees under the CPA. Jiffy Lube contends that Anderson failed to demonstrate a CPA violation. Jiffy Lube also argues that the court erred in awarding attorney fees for non-CPA claims. Because Anderson set forth facts supporting each element of the CPA claim, the court properly entered default judgment and treble damages for that claim. We remand for the court to consider segregating fees.

FACTS

On August 9, 2018, Preston Anderson brought his 2013 Honda Civic to a Jiffy Lube for a routine oil change. The following day, Anderson noticed that his vehicle was not functioning normally. Then the check engine light and check oil light came on. Anderson stopped to check the oil levels in the vehicle. The gauge showed the oil tank was empty. He added a quart of oil to the car's oil tank, but the oil immediately drained out onto the ground. Anderson drove to a Firestone Complete Auto Care store for service. After inspecting the car, Firestone informed Anderson that the oil plug was missing and the engine was completely destroyed. The vehicle was completely inoperable due to the engine damage. Firestone advised Anderson that the existing engine needed to be removed and replaced. Anderson asked Jiffy Lube to replace the damaged engine with another engine, but Jiffy Lube failed or refused to do so.[1]

On September 27, 2018, Anderson filed suit against Jiffy Lube alleging negligence, breach of contract/warranty, and violation of Washington's CPA. As damages, Anderson claimed costs for (1) services and parts negligently performed and installed, (2) engine replacement, (3) services performed to repair or evaluate damage, (4) loss of use, including loan servicing, insurance, and licensing, and (5) a rental car. After Jiffy Lube failed to appear or file an answer, Anderson moved for an order of default under CR 55 and KCLCR 55(b). King County Superior Court entered an order of default against Jiffy Lube on October 25, 2018.

---

[1] Jiffy Lube claims that it attempted to negotiate a settlement with Anderson, but the record is devoid of support for this assertion.

On November 1, 2018, Anderson moved for entry of default judgment under CR 55(b)(1). Anderson's declarations in support of motion for default documented $11,987.89 in damages and $6127.39 in attorney fees and costs. On November 2, 2018, the court entered default judgment against Jiffy Lube in the amount of $43,315.28.[2] The default judgment included the principal amount of $11,987.89, treble damages up to the $25,000 CPA statutory maximum, and $6,327.39 in attorney fees and costs.

On November 30, 2018, Jiffy Lube filed a notice of appeal of the November 2 default judgment.[3]

## DISCUSSION

I.    Default Judgment

Jiffy Lube argues that the trial court erred in entering default judgment against it for violating the CPA. Specifically, Jiffy Lube contends that Anderson failed to plead facts establishing that its acts impact the public interest or that its allegedly deceptive trade practices were the proximate cause of his damages.

"We review a trial court's decision on a motion for default judgment for abuse of discretion." Morin v. Burris, 160 Wn.2d 745, 753, 161 P.3d 956 (2007) (citing Yeck v. Dep't of Labor & Indus., 27 Wn.2d 92, 95, 176 P.2d 359 (1947). A trial court abuses its discretion only when its decision is manifestly unreasonable,

---

[2] The motion for default and motion for default judgment were filed and heard ex parte, so there is no record of the proceedings.

[3] In its opening brief, Jiffy Lube acknowledges that it filed a motion to set aside the judgment, which the trial court denied for inexcusable neglect. However, Jiffy Lube did not appeal this ruling and it does not appear in the record before us.

based on untenable grounds, or made for untenable reasons. Fowler v. Johnson, 167 Wn. App. 596, 604, 273 P.3d 1042 (2012).

Because "'[w]e prefer to give parties their day in court and have controversies determined on their merits,'" default judgments are generally disfavored in Washington. Rush v. Blackburn, 190 Wn. App. 945, 956, 361 P.3d 217 (2015) (quoting Morin, 160 Wn.2d at 754). "But we also value an organized, responsive, and responsible judicial system where litigants acknowledge the jurisdiction of the court to decide their cases and comply with court rules." Little v. King, 160 Wn.2d 696, 703, 161 P.3d 345 (2007). "When balancing these competing policies, the fundamental principle is whether or not justice is being done." Akhavuz v. Moody, 178 Wn. App. 526, 532, 315 P.3d 572 (2013).

"[T]he party seeking a default judgment [must] set forth facts supporting, at a minimum, each element of the claim." Friebe v. Supancheck, 98 Wn. App. 260, 268, 992 P.2d 1014 (1999). "A default judgment constitutes an admission of all factual allegations necessary to establish the plaintiff's claim for relief." Smith v. Behr Process Corp., 113 Wn. App. 306, 333, 54 P.3d 665 (2002). "However, the plaintiff is not automatically entitled to a default judgment simply because the defendant in default has effectively admitted the plaintiff's allegations." Kaye v. Lowe's HIW, Inc., 158 Wn. App. 320, 326, 242 P.3d 27 (2010). The defaulting party admits only factual allegations, not conclusions of law. Smith, 113 Wn. App. at 333. Mere unsupported legal conclusions are insufficient to support a default judgment. Caouette v. Martinez, 71 Wn. App. 69, 78, 856 P.2d 725 (1993).

4

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. "To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in [the conduct of] trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 37, 204 P.3d 885 (2009) (citing Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986)). "Failure to satisfy even one of the elements is fatal to a CPA claim." Sorrel v. Eagle Healthcare, Inc., 110 Wn. App. 290, 298, 38 P.3d 1024 (2002).

A.    Public Interest

Jiffy Lube first contends that Anderson failed to establish that its allegedly unfair or deceptive acts or practices affected the public interest. Whether the public has an interest is a question of fact. Stephens v. Omni Ins. Co., 138 Wn. App. 151, 177, 159 P.3d 10 (2007).

Where the complaint essentially involves a consumer transaction such as the sale of goods, the court evaluates the following five factors to determine public interest:

> (1) Were the alleged acts committed in the course of defendant's business? (2) Are the acts part of a pattern or generalized course of conduct? (3) Were repeated acts committed prior to the act involving plaintiff? (4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff? (5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it?

5

Hangman Ridge, 105 Wn.2d at 790. Where a complaint involves a private dispute such as the provision of professional services, factors indicating public interest include:

> (1) Were the alleged acts committed in the course of defendant's business? (2) Did defendant advertise to the public in general? (3) Did defendant actively solicit this particular plaintiff, indicating potential solicitation of others? (4) Did plaintiff and defendant occupy unequal bargaining positions?

Hangman Ridge, 105 Wn.2d at 790-91). "None of the factors are dispositive nor must all of the factors be present." Michael v. Mosquera-Lacy, 165 Wn.2d 595, 605, 200 P.3d 695 (2009).

"Ordinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest." Hangman Ridge, 105 Wn.2d at 790 (citing Lightfoot v. McDonald, 86 Wn.2d 331, 334, 544 P.2d 88 (1976). Jiffy Lube characterizes its transaction with Anderson as private dispute while urging us to apply the factors relevant to consumer transactions. We agree that the relevant factors are those used for evaluating consumer transactions because they show how the allegedly deceptive practices have the potential for affecting large numbers of people. Stephens, 138 Wn. App. at 178. Regardless of how the dispute arises, "'it is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest.'" Id. (quoting Hangman Ridge, 105 Wn.2d at 790.

Jiffy Lube argues that Anderson's complaint made conclusory unsupported statements that its advertising was deceptive. It contends that Anderson merely

alleged negligence and failure to come to an agreement on reimbursement under the warranty, not that Jiffy Lube failed to offer to settle the claim under the terms of the warranty. Jiffy Lube further contends that Anderson failed to demonstrate that future customers of Jiffy Lube would likely have the same experience. But Anderson's complaint included the following relevant allegations:

> 2.6 Under "Description" on Exhibit A, Plaintiff was supposed to receive the "Signature Service Synthetic" service, where "synthetic" refers to the type or quality of oil offered.
>
> 2.7 Defendants offered a warranty for its service which it called the "Signature Service Warranty" Guarantee.
> . . .
> 2.14 Plaintiff requested that Defendants replace the engine in the Vehicle with another engine. Defendants have failed or refused to do so.
> . . .
> 5.2 Defendants engaged in an unfair or deceptive act or practice by advertising that they were sufficiently skilled, possessed the training, qualifications and/or experience to perform the services offered and provide the necessary parts and products to Plaintiff on the Vehicle.
>
> 5.3 Defendants engaged in an unfair or deceptive act or practice by failing to honor the service warranty for the services performed on the Vehicle.
> . . .
> 5.7 Defendants' representations and omissions have a likelihood of deceiving consumers and the general public.

Anderson's declaration in support of his motion for default judgment also included a copy of its online service warranty and alleged that "[d]efendants refused or failed to honor that warranty." These factual allegations, which are deemed admitted, support a conclusion that Jiffy Lube's public advertisements regarding its services and warranty gave rise to a substantial potential for repetition that is likely to affect many consumers. We conclude that Anderson has satisfied the public interest impact element of his CPA claim.

7

B.    Causation.

Jiffy Lube further contends that Anderson failed to plead facts demonstrating that its allegedly deceptive trade practices were the proximate cause of Anderson's damages.

A CPA claimant must establish that the alleged injury would not have occurred but for the defendant's unfair or deceptive acts. Patrick v. Wells Fargo Bank, N.A., 196 Wn. App. 398, 408, 385 P.3d 165 (2016). "Establishing causation thus depends on the deceptive or unfair practices that violated the CPA." Id. (citing Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 84, 170 P.3d 10 (2007)).

The CPA attempts to reach those who conduct unfair or deceptive acts or practices in any trade or commerce. Michael, 165 Wn.2d at 602. "The term 'trade' as used by the [CPA] includes only the entrepreneurial or commercial aspects of professional services, not the substantive quality of services provided." Ramos v. Arnold, 141 Wn. App. 11, 20, 169 P.3d 482 (2007). Entrepreneurial or commercial aspects relate to the promotion of operations or of services to increase profits, and to how services are determined, billed, and collected. Eriks v. Denver, 118 Wn.2d 451, 464, 824 P.2d 1207 (1992). "Claims directed at the competence of and strategies employed by a professional amount to allegations of negligence and are exempt from the [CPA]." Ramos, 141 Wn. App. at 20. Thus, "[t]he question is whether the claim involves entrepreneurial aspects of the practice or mere negligence claims, which are exempt from the CPA." Michael, 165 Wn.2d at 603 (citing Short v. Demopolis, 103 Wn.2d 52, 61-62, 691 P.2d 163 (1984). Whether

a defendant engaged in entrepreneurial activities that violate the CPA is a question of fact. Eriks, 118 Wn.2d at 456. Where the facts are not disputed, we may decide the question as a matter of law. Patrick, 196 Wn. App. at 408.

Jiffy Lube argues that Anderson's claim was based solely on negligent maintenance of his vehicle, not on any entrepreneurial aspect of Jiffy Lube's business. But it is readily apparent that Anderson's complaint targeted both negligent and entrepreneurial aspects of the business. Jiffy Lube's negligent failure to replace the oil plug relates to the substantive quality of service provided. But Jiffy Lube's advertising regarding the quality of its service and warranty, and its failure to honor that warranty, are entrepreneurial activities covered by the CPA. A causal link exists between these acts and practices and Anderson's injury. We conclude that Anderson has satisfied the causation element of his CPA claim.

II.    Attorney Fees

Jiffy Lube contends that the trial court erred in awarding Anderson the full amount of attorney fees and costs as requested. We review the reasonableness of an attorney fee award for abuse of discretion. Ethridge v. Hwang, 105 Wn. App. 447, 460, 20 P.3d 958 (2001). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. Cook v. Brateng, 180 Wn. App. 368, 375, 321 P.3d 1255 (2014).

"A trial court may award reasonable attorney fees only if it has a statutory, contractual, or recognized equitable basis." Loeffelholz v. Citizens for Leaders with Ethics and Accountability Now (C.L.E.A.N.), 119 Wn. App. 665, 687-88, 82 P.3d 1199 (2004). Where a party can recover attorney fees for only some of its claims,

the award should reflect a segregation of the time spent of issues for which fees are authorized. Hume v. Am. Disposal Co., 124 Wn.2d 656, 672, 880 P.2d 988 (1994). "'If attorney fees are recoverable for only some of a party's claims, the award must properly reflect a segregation of the time spent on issues for which fees are authorized from time spent on other issues,' even where the claims overlap or are interrelated." Ewing v. Glogowski, 198 Wn. App. 515, 523, 394 P.3d 418 (2017) (quoting Mayer v. City of Seattle, 102 Wn. App. 66, 79-80, 10 P.3d 408 (2000)). "But segregation of attorney fees is not required if the trial court determines that the claims are so related that no reasonable segregation can be made." Id. (citing Loeffelholz, 119 Wn. App. at 691. Nor is the court required to artificially segregate time in a case where all of the plaintiff's claims relate to the same fact pattern but allege different bases for recovery. Ethridge, 105 Wn. App. 461 (2001). "The burden of segregating, like the burden of showing reasonableness overall, rests on the one claiming such fees." Loeffelholz, 119 Wn. App. at 690.

Jiffy Lube contends that the court erred in failing to segregate time spent on the CPA claim from time spent on the negligence and breach of contract and/or warranty claims. The CPA permits a successful plaintiff to recover "the costs of the suit, including a reasonable attorney's fee." RCW 19.86.090. Attorney fees are not recoverable for negligence or breach of contract/warranty claims. Here, the court awarded the full amount of fees without entering findings. We therefore remand the award of attorney fees and costs to consider segregating CPA fees

from non-CPA fees, or to find that segregation is not required under these circumstances. The default judgment is otherwise affirmed.[4]

Affirmed and remanded.

WE CONCUR:

_____

_____          _____
Andrus, J.

---

[4] For the first time in its reply brief, Jiffy Lube argues that the court miscalculated the total damage award by awarding actual damages plus treble damages, when it should have awarded only treble damages. Jiffy Lube asks us to remand to correct this mathematical error. But Jiffy Lube did not assign error to this issue. Its opening brief attacked the treble damage award on a different theory. An issue raised and argued for the first time in a reply is too late to warrant consideration. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992)